## Pemigewasset Bank *versus* Daniel Burnham.

It is the leaving of the copy of the writ and return with the town clerk, which constitutes an attachment of real estate.

But there is nothing in the nature of the act of leaving the copies, which makes it essential that it should be done by the officer in person. The copies may be sent by a servant of the officer, in all cases where the precise hour of the day when they are left, is not material.

Case against the defendant, a deputy sheriff, for a false return. The cause was submitted to the decision of the court upon the following case.

The plaintiffs, on the 31st January, 1828, sued out a writ against John Rand, and others, by virtue of which they caused the farm of the said Rand to be attached on the 1st February, 1828, and a copy of the writ and the return of the officer who served it, to be left the same day, with the clerk of the town where the farm was situated ; and having afterwards obtained judgment in that suit, the plaintiffs caused the execution to be extended upon the said farm, within thirty days after the rendition of said judgment.

On the 31st January, 1828, the defendant, having in his hands a writ in favor of the Winnipissiogee Bank against the said John Rand, attached the same farm and made his return as follows :—

" Strafford, ss. January 31st, 1828.—By virtue of this writ I have attached, &c., and have left with the town clerk of N. Hampton a true and attested copy, &c."

The land attached aforesaid, was in N. Hampton, and the copy of the writ and return in the said suit in favor of the Pemigewasset Bank, was left with the clerk of that town by the officer who served the writ, on the 1st February, 1828; and the copy of the writ and return in the suit in favor of the Winnipissiogee Bank, was left with the said clerk on the 31st January, 1828, but it was not left by the defendant personally, but was sent by one Davis, who delivered it to the town clerk at the defendant's request.

The Winnipissiogee Bank, having obtained judgment, caused the execution to be extended upon said farm within thirty days after the rendition of judgment.

And it was agreed, that if, in the opinion of the court, the circumstance that the copy was not delivered to the town clerk by the defendant personally, but was sent by an agent, made his return false, judgment to be rendered for the plaintiffs; but if otherwise, judgment to be for the defendant.

*Bell*, for the plaintiffs.

*Sullivan*, for the defendant.

*By the Court.* It is clear, from the language of the statute, that an attachment of real estate is not complete till copies of the writ and the return are left with the town clerk. Indeed, the leaving of the copies with the clerk constitutes the attachment.

But we see nothing in the nature of the act of leaving the copies with the town clerk, which renders it essential that it should be done by the sheriff himself.

There are cases, in which the precise minute when the copies are left may be material, and in such cases the sheriff must state in his return the precise time; for the time is to be determined by his return. 13 Mass. Rep. 529, *Shove* v. *Dow.* And in such a case, perhaps it may be neccessary, that the sheriff deliver the copies himself, as otherwise he might not be able to return the true time.

But where it is only necessary to state in the return, that the copies were left with the clerk on a particular day, we see no reason why the attachment may not be as well made by sending the copies to the town clerk, as by a delivery of the copies by the sheriff himself. And we are of opinion that in this case there must be

*Judgment for the defendant.*